IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEBASTIAN DEPTULA, | : | Civil No. 3:24-cv-1579 |
| Petitioner | : | |
| | : | (Judge Mariani) |
| v. | : | |
| WARDEN GREENE, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Sebastian Deptula ("Deptula"), an inmate confined at the Low Security Correctional Facility, Allenwood, in White Deer, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Deptula seeks an Order directing the Federal Bureau of Prisons ("BOP") to immediately place him in a Residential Reentry Center ("RRC") or to place him in the custody of Immigration and Customs Enforcement ("ICE"). (*Id.* at pp. 2, 7). For the reasons set forth below, the Court will deny the habeas petition.

I.  **Background**

On October 31, 2017, Deptula was sentenced to a 156-month term of imprisonment by the United States District Court for the Northern District of Illinois for his conviction of wire fraud. (Doc. 11-3, Public Information Inmate Data). His projected release date is May 13, 2026, via good conduct time release. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Deptula filed five administrative remedies. (Doc. 11-4, Administrative Remedy Generalized Retrieval). On July 21, 2020, Deptula filed administrative remedy number 1034123-F1 at the institution requesting compassionate release. (*Id.* at p. 2). The institution denied the remedy, and Deptula appealed to the Regional Office, designated as 1034123-R1. (*Id.*). On September 10, 2020, the Regional Office denied the remedy. (*Id.*). Deptula did not appeal to the Central Office. (*See id.*).

On September 9, 2024, Deptula submitted administrative remedy numbers 1211745-F1 and 1211745-F2 at the institution seeking "FSA Credits/Alien RRC Placement." (*Id.* at p. 3). The institution voided the remedies because Deptula failed to sign the forms. (*Id.*). On that same date, Deptula resubmitted the remedy, designated as 1211745-F3. (*Id.* at p. 4). On September 13, 2024, the remedy was denied. (*Id.*). Deptula did not appeal to the Regional or Central Offices. (*See id.*).

Deptula is a citizen of Poland. (Doc. 11-5, Immigration Detainer). On January 29, 2018, the Department of Homeland Security ("DHS") placed an Immigration Detainer upon Deptula, reflecting that DHS has determined he is subject to a final order of removal. (*Id.*). In the Final Administrative Removal Order, dated April 20, 2015, a DHS Field Office Director found that Deptula is "deportable as charged and order[ed] that [he] be removed from the United States to: Poland." (Doc. 11-6, Final Administrative Removal Order).

2

Deptula filed the instant habeas petition on or about September 12, 2024. (Doc. 1). In his § 2241 petition, Deptula alleges that he is eligible for RRC placement under the First Step Act. (Doc. 1). Respondent contends that Deptula's § 2241 petition must be denied on the following grounds: (1) Deptula failed to exhaust his administrative remedies; and (2) Deptula is not eligible for earned time credits because he is subject to a final order of removal. (Doc. 11). The petition is ripe for resolution.

## II.   Discussion

### A.   Exhaustion of Administrative Review

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole*

*Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" *Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the record reflects that, although Deptula filed five relevant administrative remedies, he undisputably failed to exhaust those remedies. (*See* Doc. 11-4). Deptula's Administrative Remedy Generalized Retrieval report demonstrates that he never pursued any of those five remedies to the Central Office—the necessary step to fully exhaust his administrative remedies. (*Id.*). Rather than comply with the BOP's administrative remedy process, Deptula bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Deptula concedes his failure to exhaust but argues that exhaustion should be excused as "futile" because "[i]t takes at least 120 days to [a]ttempt to fully exhaust the [f]our-[s]tep BOP remedy." (Doc. 1, p. 3). In other words, Deptula argues that he should not have to exhaust his administrative remedies because the administrative remedy process could take months to complete, and he should be released before the process is completed. The Court, however, is unpersuaded by Deptula's argument, as it does not provide a basis to excuse exhaustion. *See, e.g., Greene v. Spaulding*, No. 22-cv-01726, 2023 WL 3372375, at *2 (M.D. Pa. Apr. 26, 2023) (concluding that the Section 2241 petitioner had failed to show irreparable harm as a basis for excusing administrative exhaustion, where he argued that the denial of his claim at the administrative level would result in him being released later than the date he would be entitled to release if he were granted habeas relief—i.e., granted credits under the First Step Act); *Rodriguez v. Sage*, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the

5

Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); *Ramirez v. Sage*, No. 22-cv-00638, 2022 WL 2318693, at *2 (M.D. Pa. June 28, 2022) (rejecting the Section 2241 petitioner's argument that requiring him to exhaust his administrative remedies "would subject him to irreparable harm because the delay would result in him being incarcerated beyond the date he should be released" (citation omitted)). Additionally, the Court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground.

The Court finds that Deptula's claim must first be presented to BOP officials and fully exhausted. Because Deptula did not fully exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed. Nevertheless, the Court will address the merits of his petition below.

### B. Merits of the Habeas Petition

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. *See* 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of

violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release.  *See id.* § 3632(a).  Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release.  *See* 18 U.S.C. § 3632(d)(4)(A).  An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation.  *See id.*  Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit for every thirty (30) days of successful participation.  *See id.*  However, "[a] prisoner is ineligible to apply time credits under subparagraph (C) [application of time credits toward prerelease custody or supervised release] if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in

7

section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i).

Here, Respondent presented undisputed evidence that Deptula is subject to a final order of removal. (Doc. 11-6, Final Administrative Removal Order). Additionally, the immigration detainer, a DHS document issued by an authorized immigration official, clearly reflects that Deptula is subject to a final order of removal. (Doc. 11-5, Immigration Detainer). Because of this final order of removal, and pursuant to the plain language of 18 U.S.C. § 3632(d)(4)(E)(i), the Court cannot grant Deptula the relief he seeks.[1] Thus, the Court must deny the habeas petition.

---

[1] Deptula argues that "BOP application of the 'Alien' classification is no longer allowed under the recent *Loper* [*Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (June 28, 2024)] decision." (Doc. 1, p. 6). Deptula's reliance upon and argument relative to *Loper Bright* is meritless. *Loper Bright* concerns court deference to agency interpretations of statutes when those interpretations are challenged under the Administrative Procedure Act ("APA"). 144 S. Ct. at 2262. 18 U.S.C. § 3632(d)(4)(E)(i) is a statute, not a regulation; it is not subject to challenge under the APA. *See Loper Bright*, 144 S. Ct. at 2261 (the APA "specifies that courts, not agencies, will decide '*all* relevant questions of law' arising on review of *agency* action...") (first emphasis original, second emphasis added). Moreover, there is no ambiguous statute at issue. The statute clearly prohibits the application of earned FSA credits "if the prisoner is the subject of a final order of removal." 18 U.S.C. § 3632(d)(4)(E)(i).

8

## III. Conclusion

Consistent with the foregoing, the Court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

*[signature]*

Robert D. Mariani
United States District Judge

Dated: November 8, 2024